SAMUEL, Judge.
Plaintiff filed this suit individually and in his capacity as administrator of the estate of his minor daughter, Karla, against The Beach Club, Inc. and its liability insurer, The Travelers Insurance Company, for injuries sustained by the minor when she went through a closed sliding glass panel door at the club. Defendants’ answer denies negligence on the part of the club and pleads contributory negligence on the part of Karla. Following trial on the merits judgment was rendered in favor of plaintiff, individually, in the sum of $297.38, and as administrator of the minor’s estate, in the amount of $4,000, against both defendants in solido. Defendants have appealed.
Plaintiff’s family were dues paying members of The Beach Club, Inc., a private club located in the Parish of Jefferson which was organized primarily for the purpose of providing recreational facilities for its members and their guests. At the time of the accident all of the club facilities had not been completed but a swimming pool was open and being used.
The area where the accident occurred includes the large swimming pool surrounded by a wide cement patio. Concrete columns resting upon a concrete base a few inches above ground level and panels enclose the pool and patio. There are three panels of aluminum enclosed 14 inch clear, unmarked glass doors between columns. One of each set of three is stationary and cannot be opened while the other two are sliding doors which can be opened. Each sliding door has a companion sliding *601 screen door. The doors which can be opened were designed to be used only for ventilation. Two doors designed to be used for entering and leaving the enclosure were located 31 feet from the shallow end of the pool. Except in the area of the paved walkways which led to these two doors, the outside of the enclosure was surrounded by a grass lawn. Between the patio and the inside of the enclosure was an 18 to 24 inch dirt strip running the entire circumference of the patio which was to be planted with flowers and/or shrubs to indicate the sliding panel doors were not passageways. This garden area was incomplete and un-planted except for some daisies. At that stage of its construction the clubhouse used by bathers was at the deep end of the pool and the shortest way from the pool to the clubhouse was through one of the sliding glass doors at or near that end.
Karla, who was between 11. and 12 years of age at the time of the accident, was injured when she attempted to go through one of the clear glass sliding doors which she thought was open but which in fact was closed. Two questions are presented for our determination: (1) whether the defendant-club was negligent by reason of improper construction and failure to furnish safe means of ingress and egress for the members and their guests, particularly children, because the sliding clear glass doors were unmarked and therefore in the nature of a trap; and (2) whether Karla was guilty of contributory negligence. Because of our conclusion on the second question we find it unnecessary to discuss and determine the first. Assuming, but not deciding, that the defendant-club was negligent, we are of the opinion Karla was guilty of contributory negligence which was a proximate cause of the accident and therefore plaintiff cannot recover.
Four witnesses, one for the plaintiff and three for defendants, testified at the trial regarding the manner in which the accident happened. Karla was the plaintiff witness. Testifying on behalf of defendants were two children about 12 years of age, who were eye witnesses to the accident, and a swimming pool maintenance or construction man. In addition, by consent of both counsel the deposition of Karla’s older brother, taken by the defendants for discovery purposes, was introduced in evidence by the defendants as the testimony of an adverse witness on cross examination. Although in some material aspects the testimony is conflicting, we find the record discloses the following facts by a preponderance of the evidence:
The accident occurred on June 15, 1965. Karla, her brother and one of her girl friends of her age rode to the club on bicycles, arriving there shortly before 10 a. m. They were able to, and did, enter the pool enclosure through the main entrance but had to wait for the arrival of a lifeguard before entering the water. During that waiting period Karla and her brother were playing while in their bathing suits. He was chasing Karla in an attempt to throw water on her. Karla ran around the pool and through one of the sliding glass doors which was open to the grass on the outside of the enclosure. Running towards the clubhouse on the grass she attempted to reenter the enclosure through another one of the sliding glass doors at the deep end of the pool. That door was closed and she ran into it, shattering the glass and causing the injuries in suit.
Although the sliding glass doors were not intended for ingress and egress use, it appears that they were used for that purpose on many occasions because such use shorted the distance to the clubhouse. Club rules prohibited “horse play”, including running, in the swimming pool enclosure. These rules were posted on a bulletin board at the main entrance and had been mailed to club members. Karla, who had used the pool on two or three occasions prior to the accident, was aware of these rules. She was also aware of the clear glass panels in the enclosing wall.
Under these circumstances we must conclude Karla was guilty of negligence which *602 directly caused the accident when she carelessly ran through one of the glass panel doors without making any attempt to determine whether the door was open or closed. As far as the record discloses, she had no reason to assume the door she attempted to run through was open.
For the reasons assigned, the judgment appealed from is annulled and reversed and it is now ordered that there be judgment in favor of the defendants, The Beach Club, Inc. and The Travelers Insurance Company, and against the plaintiff, Robert S. Williamson, individually and as administrator of the estate of his minor daughter, Karla M. Williamson, dismissing said plaintiff’s suit; costs in both courts to be paid by the plaintiff-appellee.
Reversed.
Rehearing denied.
Redmann, J., is of the opinion the rehearing should be granted.